JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Reagan, Tracy A.

**DEFENDANTS**
Centre Lifelink Emergency Medical Services

(b) County of Residence of First Listed Plaintiff   Montgomery County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Centre
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Amy H. Marshall, Esquire (814) 867-8055
Babst, Calland, Clements & Zomnir, P.C.
330 Innovation Blvd., Suite 302, State College, PA 16803

Attorneys *(If Known)*
Rodney A. Beard, Esquire
Beard Law Company
301 N. Spring Street, Suite 203, Bellefonte, PA 16823

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Family and Medical Leave Act

Brief description of cause:
Defendant terminated Plaintiff while on approved FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
07/15/2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Amy H. Marshall, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY A. REAGAN,<br>Plaintiff, | :<br>:<br>: |
| Vs. | :<br>: |
| CENTRE LIFELINK EMERGENCY<br>MEDICAL SERVICES, Inc.<br>Defendant. | :<br>:<br>:     JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES Plaintiff Tracy A. Reagan ("Plaintiff") by and through her attorneys Amy H. Marshall, Esquire and Babst, Calland, Clements and Zomnir, P.C. and files this Complaint against Centre LifeLink Emergency Medical Services, Inc. ("Defendant") in support thereof and avers as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §2601 et seq.

2. This Court can exercise personal jurisdiction over Defendant because, among other things, Defendant continuously and systematically conducts business in the Commonwealth of Pennsylvania. Defendant employed Plaintiff in the Middle District of Pennsylvania and Defendant terminated Plaintiff in the Middle District of Pennsylvania.

3. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius, meeting the definition of employer under the FMLA pursuant to 29 U.S.C. § 2611(4a).

### VENUE

4. Venue is proper in this judicial district because the unlawful employment practice alleged in the Complaint was committed within the Middle District of Pennsylvania; Defendant

regularly conducts business in the Middle District of Pennsylvania; Plaintiff would be employed in the Middle District of Pennsylvania, but for the unlawful employment practices and Defendant employs numerous individuals in the Middle District of Pennsylvania. Accordingly, venue lies in the United States District Court for the Middle District of Pennsylvania.

## PARTIES

5. Plaintiff is an adult individual, who at all times relevant to the allegation in this Complaint resided in Blanchard, PA, Centre County. At the time of her termination, Plaintiff was on an approved FMLA leave. Plaintiff avers that she is an eligible employee pursuant to 29 U.S.C. § 2611(2a).

6. Defendant is a provider of emergency medical services within Centre County, Pennsylvania. The Defendant's main office is located at 125 Puddintown Road, State College, PA 16801.

7. At all relevant times hereto, Defendant was Plaintiff's employer and was an employer within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2611(4a).

8. Defendant has employed more than fifty (50) regular employees for each working day in each of the twenty (20) or more calendar weeks in the current or proceeding calendar year. Defendant is an "employer" within the meaning of the FMLA 29 U.S.C. § 2611(4a)i.

## FACTUAL BACKGROUND

9. On or around September 2, 2005, the Plaintiff commenced employment with Centre LifeLink EMS, Inc. ("Centre LifeLink").

10. Plaintiff was employed as the training director.

11. On June 9, 2013, while the Plaintiff was on vacation she was involved in a serious accident. As a result of the accident, the Plaintiff suffered serious injuries including but not limited to a traumatic brain injury and dislocated hip.

12. As a result of the medical injuries, the Plaintiff requested a leave from work. The Plaintiff was granted an FMLA leave to commence June 12, 2013 through July 29, 2013.

13. On July 10, 2013, the Plaintiff received a certified letter from Attorney Rodney A. Beard on behalf of Centre LifeLink. (Exhibit "A") The letter requested a response within ten (10) days to address two issues. The first issue related to CPR training conducted for Penn State University by Red Diamond Safety, a company owned and operated by Plaintiff. The second issue related to the disposal of damaged equipment, which had been damaged around March of 2012.

14. In response to the July 10, 2013 letter, the Plaintiff sent Attorney Beard an e-mail indicating she would be seeking the assistance of an attorney to respond to the inquiry. (Exhibit "B")

15. Attorney Beard responded via e-mail on July 23, 2013, indicating he felt the Plaintiff's e-mail was unresponsive to his request. (Exhibit "C")

16. The Plaintiff received a certified letter dated July 23, 2013 wherein Centre LifeLink terminated her employment. The letter stated in part "as a result of your failure to respond to our legal counsel's letter dated July 10, 2013, that requested specific information regarding the above matters, we advise that effective this date your employment at Centre LifeLink is terminated." (Exhibit "D")

## INTERFERENCE WITH FAMILY AND MEDICAL LEAVE ACT

### Count I

17. Plaintiff incorporates by reference the averments of Paragraphs 1-16 of the Complaint as if the same were set forth in full.

18. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

19. Defendant approved the Plaintiff to take an FMLA leave. At the time of her termination, Plaintiff was on an approved FMLA Leave.

20. Defendant via certified mail dated July 23, 2013 terminated Plaintiff's employment while she was on the approved FMLA leave.

21. Defendant's conduct in terminating the Plaintiff is contrary to the Plaintiff's rights under the FMLA. Inasmuch as the Defendant has interfered with the Plaintiff's ability to take the FMLA leave.

22. Defendant's conduct was with malice, and/or reckless indifference to Plaintiff's federally protected rights.

23. As a direct and proximate result of the above-mentioned employment practices, Plaintiff was deprived of her job and has lost in common the form of back and front pay, fringe benefits, retirement contributions, medical insurance and lost future job opportunities for which Plaintiff seeks damages under the FMLA.

## DISCRIMINATION/RETALIATION VIOLATION of the FAMILY MEDICAL LEAVE ACT

### Count II

24. Plaintiff incorporates by reference the averments of Paragraphs 1-23 of the Complaint as if the same were set forth in full.

25. Plaintiff was eligible for FMLA leave.

26. Defendant approved the Plaintiff for an FMLA leave from June 12, 2013 through July 29, 2013.

27. Defendant was aware of the Plaintiff's medical condition, which required the FMLA leave.

28. The Plaintiff suffered a significant brain injury and dislocated hip as the result of a biking accident.

29. The Defendant was aware that the Plaintiff was suffering cognitive issues, as a result of the head injury.

30. Defendant was aware that Plaintiff requested time to consult with legal counsel regarding a response to the July 10, 2013 letter.

31. The Defendant terminated the Plaintiff's employment for "failure to respond to our legal counsel's letter dated July 10, 2013...."

32. Defendant terminated Plaintiff July 23, 2013.

33. Defendant's motivation for terminating the Plaintiff was connected causally to Plaintiff's assertion of FMLA leave.

34. As a direct and proximate result of the above-mentioned employment practices, Plaintiff was deprived of her job and has lost in common the form of back and front pay, fringe

benefits, retirement contributions, medical insurance and lost future job opportunities for which Plaintiff seeks damages under the FMLA.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to the FMLA, and damages in an amount that this Court and a jury deem fair and reasonable including but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, prejudgment interest, post judgment interest and reasonable attorney's fees including litigation expenses, and the costs in this action.

Respectively submitted,

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

Date: July 15, 2015

By: /s/_____
Amy H. Marshall, Esquire
Attorney for Plaintiff
Attorney ID: 74852
330 Innovation Blvd., Suite 302
State College, PA 16803
Phone: (814) 867-8055
Fax: (814) 867-8051
amarshall@babstcalland.com